UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MARSHALL,<br><br>        Petitioner,<br><br>    v.<br><br>DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE,<br><br>        Respondent. | No. 1:21-cv-00859-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

      Petitioner is confined at the Atascadero State Hospital proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus under 28 U.S.C. § 2241.

      Petitioner filed the instant habeas petition on May 28, 2021. He complains that Respondent has illegally withheld economic impact payments from him. The Court finds that Petitioner fails to establish grounds for habeas corpus relief. Accordingly, the Court will recommend that the petition be DISMISSED.

**DISCUSSION**

A.    <u>Preliminary Review of Petition</u>

      Rule 4 of the Rules Governing Section 2254 Cases[1] requires the Court to make a

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

1

preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Advisory Committee Notes to Habeas Rule 8.

B.     Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner does not allege he is confined in violation of the Constitution or laws or treaties of the United States. He does not challenge the legality of his custody. Rather, he claims that he has not received economic impact payments to which he is entitled. Petitioner fails to state a cognizable federal claim and the petition should be dismissed. Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) ("the writ of habeas corpus is limited to attacks upon the legality or duration of confinement").

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for failure to state a cognizable claim.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and

Recommendations, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 1, 2021**　　　　　　　　　　　　/s/ *Sheila K. Oberto*　　　
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE